## JARVIS et al. v. WATERBURY et al.

(Supreme Court, General Term, Second Department. February 11, 1895.)

OFFICE AND OFFICER—TERM OF OFFICE.

> Laws 1889, c. 453, authorizes the supervisor of the town of Westchester to appoint five commissioners of improvements, and provides that a vacancy occurring in such body shall be filled by the remaining commissioners. *Held*, that the duration of the office of the commissioners is provided for by the statute, within the meaning of Const. art. 10, § 3, declaring that, "when the duration of any office is not provided for by this constitution, it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment."

Appeal from special term, Westchester county.

Proceeding by James Jarvis and others, constituting the commissioners of improvements of the town of Westchester, in the county of Westchester, N. Y., against James M. Waterbury and others, to compel defendants to deliver to plaintiffs, their successors in office, books, papers, and property pertaining to the office. The application was denied, and plaintiffs appeal. Affirmed.

The opinion of Mr. Justice GAYNOR at special term is as follows:

Section 3 of article 10 of the constitution of this state provides that, "when the duration of any office is not provided for by this constitution, it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment." This relates not only to offices existing at the time of its enactment, but also to offices created since. People v. Comptroller, 20 Wend. 595. But it relates only to cases where the appointment is continuous, and not to cases where the power of appointment is exhausted when once exercised. Bergen v. Powell, 94 N. Y. 591. In other words, and more plainly speaking, it does not apply to cases where the tenure of office is fixed by the statute. In the present case the statute (chapter 453, Laws 1889) fixes the tenure of office. Section 1 authorizes the supervisor to appoint five commissioners, who shall be a body corporate, and known as the "Commissioners of Improvement." Section 3 provides that, whenever a vacancy shall occur through death, resignation, or refusal to act, the remaining commissioners shall appoint a person to fill the vacancy, and, in default of their so doing, the supervisor shall fill it. It is therefore obvious that the statute has provided for the creation of a body corporate by the appointment of five persons by the supervisor, and for its perpetuity by the filling of vacancies. The duration of the office of the commissioners is "provided" for in this scheme of the statute. The statute makes the tenure unlimited. It creates a body corporate, with the attribute of perpetual succession by means of its own members filling vacancies. It cannot therefore be said that the statute does not provide for the duration of the office. Chapter 302 of the Laws of 1859 presents an instance of the appointing officer's power being

exhausted by making the appointments. People v. Woodruff, 32 N. Y. 361. The provision in section 3 that "the said officers shall hold their respective offices for one year" refers to the officers of the body corporate provided for in the preceding sentence,—the president, treasurer, and secretary. It is also fatal to this application that the supervisor has never removed the three remaining members of the body corporate, if he had the power. It is aside from the case, but it should be considered whether the body·has the power. to act while a vacancy exists. People v. Nostrand, 46 N. Y. 375. The motion is denied, without costs.

Argued before DYKMAN, PRATT, and CULLEN, JJ.

Seward Baker, for appellants.
Martin J. Keogh, for respondents.

PER CURIAM. Affirmed, on opinion of the judge at special term, and on the additional ground that the remedy sought should have been by quo warranto. Order affirmed, without costs.